977 P.2d 612 (1999)
FREEDOM COUNTY, By and Through Freedom County Commissioners, David Peter GUADALUPE and Thom Satterlee, Appellants,
v.
SNOHOMISH COUNTY, By and Through its Chief Executive Officer, Snohomish County Executive Bob DREWEL, Respondents.
No. 42637-1-I.
Court of Appeals of Washington, Division 1.
April 19, 1999.
Publication Ordered May 28, 1999.
David P. Guadalupe (Appearing Pro Se), Arlington, WA, for Appellants.
Gordon W. Sivley, Snohomish County Prosecutor's Office, Everett, WA, for Respondents.
APPELWICK, J.
Appellants' seek recognition of Freedom County based on petitions delivered to the Secretary of State. Holding that a county may not be created by petition, we affirm the trial court.

FACTS
The Appellants, Thom Satterlee and David Peter Guadalupe, purport to represent "Freedom County," a proposed county to be formed from a portion of Snohomish County. Proponents of Freedom County claim that 12,679 Snohomish County residents signed petitions for the purpose of creating the new county. The Appellants have continually argued that Freedom County came into legal existence on April 23, 1995, when the petitions were delivered to the Secretary of State.
Neither Snohomish County nor the Washington State Legislature has formally recognized or in any way created a new political subdivision called Freedom County. Nonetheless, Appellants argue that they have the right to withdraw their consent to be governed by Snohomish County, and to mandate the creation of a new county.
Appellants filed various motions and requests for relief, and a notice of lis pendens in the name of Freedom County. In response, Snohomish County filed a Motion to Dismiss under CR 12(b)(6). All motions *613 were set for a hearing on November 25, 1997, before Superior Court Judge Castleberry.
Judge Castleberry found that the State Legislature had passed no legislation establishing the new county and that without such legislation Freedom County did not exist as a legal entity. Because the named plaintiff was deemed incapable of maintaining the actions before the court, Judge Castleberry dismissed the case, struck various motions and requests for relief, and voided a notice of lis pendens filed in the name of Freedom County.

ANALYSIS
The Appellants assert numerous errors by the trial court that this court need not consider, as their claims were properly dismissed below on the basis that no action may be maintained in the name of "Freedom County."
In Cedar County Committee v. Munro, 134 Wash.2d 377, 950 P.2d 446 (1998), the proponents of Cedar County sought to compel the Secretary of State to certify their petitions as an "election" for the formation of a new county. The Washington State Supreme Court held that the Secretary of State had no role in the formation of new counties, much less a duty to certify the sufficiency of the petitions. Cedar County, 134 Wash.2d at 381, 950 P.2d 446.
Furthermore, in the Cedar County opinion, the Court stated that Article XI, sec. 3, of the Washington State Constitution does not impose a ministerial duty upon the Legislature to pass legislation creating a new county even if it is presented with a petition containing sufficient signatures. Cedar County, 134 Wash.2d at 385, 950 P.2d 446. Neither does the Constitution provide a right of citizens to form a new county. Cedar County, 134 Wash.2d at 385, 950 P.2d 446. Finally, the Court concluded,
... [T]he state constitution provides the Legislature with a framework rather than a mandate for county creation. Subject to the limitations of article XI, section 3, the discretion and power to createor decline to createa new county resides in the Legislature alone.
Cedar County, 134 Wash.2d at 387, 950 P.2d 446.
In the instant case, the trial court correctly concluded that (1) Freedom County is not a lawfully established county of the State of Washington; (2) no action may be maintained in the name of Freedom County; and (3) this case presents no cause of action or any claim against Snohomish County for which relief may be granted. The trial court's dismissal of the claims brought in the name of Freedom County were therefore proper.
Affirmed.
ELLINGTON, J., and COLEMAN, J., concur.